IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Robert Caprel | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| **The Home Depot** | ) | |
| 2455 Paces Ferry Road | ) | |
| Atlanta, GA 62703 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

This is an action for damages against defendant The Home Depot Corporation ("Defendant") for its discriminatory treatment and wrongful termination of plaintiff's employment, in violation of Americans with Disability Act of 1990, 42 U.S.C.A. Section 12101 et. seq. ("ADA").

**THE PARTIES**

1. Plaintiff Robert Caprel is, and was at all relevant times herein, a citizen of the United States, County of Cook, State of Illinois.
2. Defendant The Home Depot (hereinafter "Defendant") upon information and belief, is and at all times relevant herein, was a business corporation organized and existing under the laws of Illinois, with principal offices located in Atlanta, Georgia.
3. Defendant is an employer within the meaning of Americans with Disabilities Act of 1990, 42 U.S.C.A. Section 12101 et. seq.
4. Upon information and belief, defendant has, at all times herein relevant, has authorized to conduct business in the state of Illinois.

**JURISDICTION AND VENUE**

5. This court has jurisdiction over this action under 42 U.S.C.A. Section 12101.,

et seq.

## FACTS

6. On or about March, 2015, Plaintiff was found to have a recurrence of Cancer in the Thyroid.
7. To properly treat the Cancer, Plaintiff needed grant him short term disability.
8. In March, 2015, Defendant agreed to the short term disability request.
9. Plaintiff had his Cancer operation on May 20, 2015.
10. In the months after that Plaintiff remained on short term disability and received Radioactive Iodine treatments at the Veterans Affairs Hospital in Milwaukee, Wisconsin.
11. Plaintiff received a portion of his regular salary during his time on short term disability.
12. On or about, December, 2015, Plaintiff told Defendant he wanted to return to work on February 1, 2016, the date the Plaintiff's Doctor said he would be able to return to work.
13. During his short time disability, he went to the Holiday Party in December, 2015 and told the new store manager he would be alright to return to work on February, per Doctor's note.
14. On February 1, 2016, Plaintiff returned to work, this was mutually agreed to by Plaintiff and Defendant.
15. Immediately upon return to work on February 1, 2016, Defendant terminated Plaintiff.
16. At some point, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC").
17. On May 11, 2017, the EEOC determined that "[B]ased upon its investigation, the EEOC is unable to conclude that the information establishes violations of the statutes." (See Exhibit A)
18. Said letter further stated any lawsuit must occur within ninety (90) days of that statement. (See Exhibit A)

**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT of 1990, 42 U.S.C.A. Section 12101 et. seq.**

19. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.
20. Plaintiff's employment was terminated, in substantial part, due to his physical disability, defendant's perception that plaintiff was disabled, and plaintiff's record or disability.
21. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.
22. As a proximate result of defendant's discrimination against plaintiff on the basis of his disability, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.
23. As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.
24. The conduct of defendant was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages.
25. Wherefore, plaintiff seeks relief.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following relief:

a. An Award of Plaintiff's actual damages in the amount not less than $100,000 for loss of wages, including back pay for all lost salary, and front pay compensating Plaintiff for loss of future salary and benefits;
b. An award of damages in an amount not less than $100,000 to

      compensate plaintiff for mental anguish, humiliation, embarrassment and emotional injury

c. An award of punitive damages;

d. An order enjoining Defendant's from engaging in the wrongful practices alleged herein and to provide Plaintiff with reasonable accommodation;

e. An award of reasonable attorneys' fees and the costs of this action; and

f. Such other and further relief as this Court may deem just and proper.

                            Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff